## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

     vs.                                                                                No. CR 04-1475 LH

RUDY VALENZUELA,

      Defendant.

## **MEMORANDUM OPINION AND ORDER**

      **THIS MATTER** comes before the Court on Defendant's Motion to Suppress Search, Seizure, Arrest and Statements on October 30, 2003 (Doc. No. 21, filed July 22, 2005). The Court, having considered the Parties' memoranda, the arguments of counsel, the relevant case law, and the evidence presented at the suppression hearing on November 22, 2005, and for the reasons given on the record at the hearing, finds that the motion is not well taken and will **DENY** the motion.

      Defendant seeks suppression of any evidence derived from the October 30, 2003, search and seizure, including the rifle and ammunition, and any alleged statements he may have made on the grounds that the search of Valenzuela's person and belongings was illegal because the officers did not have a search warrant or probable cause. Defendant also argues that the government has the burden of showing that Valenzuela's statements were voluntary and any waiver of *Miranda* rights was the product of free and deliberate choice, and in full awareness of the nature of the rights being waived and the consequences of waiving those rights.

      At the suppression hearing, the Court made several findings of fact regarding the credibility of the witnesses and the events that occurred on October 30, 2003, and the sequence of those events. Because the Court's findings were made on the record they will not be repeated in detail in this Order.

The Court concludes that the police officers had reasonable suspicion to detain Defendant and order him out of the car. Because investigative detentions require reasonable suspicion of criminal activity, as opposed to a full custodial arrest requiring probable cause, the principles of *Terry v. Ohio* apply. *United States v. Anderson*, 114 F.3d 1059,1063 (1997); *Terry v. Ohio*, 392 U.S. 1, 20-21 (1968) (to justify an investigative detention, a police officer must be able to point to specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant that detention). In this case, the police responded immediately to a burglary-in-progress call where the burglar was armed with a rifle. During a search of the area, the police officers found Defendant hiding in a car parked approximately 30 feet from the location of the reported burglary attempt, with a rifle in plain view in the back seat of the car. The police then ordered Defendant to get out of the car. *See Pennsylvania v. Mimms*, 434 U.S. 106, 110-111 (1977) (police officers may order occupants out of a vehicle that they have lawfully detained for the safety of the officers).

The Court will not suppress the rifle because the police also had probable cause to arrest Defendant and seize the rifle. Probable cause exists where the facts and circumstances within an officer's knowledge and of which he had reasonably trustworthy information are sufficient to warrant a prudent person in believing that an offense has been or is being committed. *Karr v. Smith*, 774 F.2d 1029, 1031 (10th Cir. 1985). The police officers were responding to a call that someone with a gun was trying to enter an apartment when they found Defendant hiding inside a nearby car with a rifle in plain view in the back seat of the car. *See United States v. Edwards*, 242 F.3d 928, 937 (10th Cir. 2001) (a lawful custodial arrest creates a situation which justifies the contemporaneous search without a warrant of the person arrested and of the immediately surrounding area, including the passenger compartment of a vehicle if the police arrest the occupant of a car); *Horton v. California*, 496 U.S.

128, 136-137 (1990) (an officer may seize incriminating evidence without a warrant if the item is in plain view, it's incriminating character is immediately apparent, the officer is lawfully located in a place from which the object can be plainly seen, and the officer has a lawful right of access to the object); *Michigan v. Long*, 463 U.S. 1032, 1049 (1983) (search of the passenger compartment of an automobile, limited to those areas in which a weapon may be placed or hidden, is permissible if the police officer possesses a reasonable belief based on specific and articulable facts which, taken together with the rational inferences from those facts, reasonably warrant the officers in believing that the suspect is dangerous and the suspect may gain immediate control of weapons).

The Court will not suppress Defendant's statement that he "was returning the guy's dog."[1] The Fifth Amendment privilege against self-incrimination prohibits admitting statements given by a suspect during custodial interrogation without a prior warning. Custodial interrogation means questioning initiated by law enforcement officers after a person has been taken into custody. *Miranda v. Arizona*, 384 U.S. 436, 444 (1966); *Rhode Island v. Innis*, 446 U.S. 291, 301 (1980) (the term "interrogation" under *Miranda* refers not only to express questioning, but also to any words or actions on the part of the police, other than those normally attendant to arrest and custody, that the police should know are reasonably likely to elicit an incriminating response from the subject). Defendant stated he "was returning the guy's dog" when he exited the vehicle prior to arrest and Miranda warning. Therefore, his statement was not the result of interrogation and was not made while Defendant was in custody.

---

[1] Defendant allegedly stole the victim's dog earlier in the day. Defendant later went back to the victim's apartment, just before midnight, with a rifle and demanded a reward for returning the dog. The victim then called the police to report a person with a gun attempting to enter his apartment. The police responded almost immediately.

**IT IS SO ORDERED.**

                                                  s/Electronically Signed
                                                  **SENIOR UNITED STATES DISTRICT JUDGE**