**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA,

      Plaintiff,

v.                                                        No. CIV-08-0694 LH/WPL
                                                           CR-04-1475 LH

RUDY VALENZUELA,

      Defendant.

MEMORANDUM OPINION AND ORDER

      This matter is before the Court for consideration of Defendant's post-judgment Motion For A New Trial Based On Newly Discovered Evidence (CV Doc. 1; CR Doc. 65) filed July 24, 2008. In Defendant's response (CV Doc. 7; CR Doc. 68) to an earlier order, he consented to the Court's recharacterization of his motion under 28 U.S.C. § 2255. The Court thus construes the motion under § 2255 and will dismiss the motion.

      Defendant entered into a conditional plea agreement on an indictment for being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. §§ 922(g)(1), 924(e)(1). The Court sentenced him to 180 months' imprisonment. The Court of Appeals for the Tenth Circuit affirmed Defendant's conviction, *see United States v. Valenzuela*, 231 F. App'x 785, 789 (10th Cir. 2007), and the Supreme Court denied his petition for writ of certiorari, *see Valenzuela v. United States*, No. 07-5303, 128 S. Ct. 254 (Oct. 1, 2007) (mem.).

      In his § 2255 motion, Defendant asserts that his conviction has been invalidated by the Supreme Court's decision in *District of Columbia v. Heller*, 128 S. Ct. 2783 (2008). As recently summarized by a district court, the Supreme Court in *Heller* "found that the Second Amendment

conferred an individual right to keep and bear arms. . . . [a]lthough the Court stated that nothing in the opinion was meant 'to cast doubt on longstanding prohibitions on the possession of firearms by felons.' " *United States v. Radencich*, No. 3:08-CR-00048(01)RM, 2009 WL 127648, at *2 (N.D. Ind. Jan. 20, 2009) (quoting *Heller*, 128 S. Ct. at 2799, 2816-17). The court in *Radencich* collected post-*Heller* decisions and found unanimous support for its ruling. *See Radencich*, 2009 WL 127648, at *2; *and see Triplett v. Roy*, No. 08-40904, 2009 WL 1154892, at *1 (5th Cir. Apr. 30, 2009).

Furthermore, as recently stated by another district court, "*Heller* does not establish an intervening change of law retroactively applicable to cases on collateral review." *United States v. Willaman*, Crim. No. 04-28 Erie; Civil Action No. 08-283 Erie, 2009 WL 578556, at *4 (W.D. Pa. Mar. 5, 2009). The *Heller* decision did not invalidate Defendant's conviction, and he is not entitled to relief under § 2255. *See* 28 U.S.C. § 2255 R.4. The Court will dismiss the motion.

IT IS THEREFORE ORDERED that Defendant's Motion For A New Trial Based On Newly Discovered Evidence (CV Doc. 1; CR Doc. 65) filed July 24, 2008, recharacterized and construed herein as a motion to vacate, set aside, or correct sentence under § 2255, is DISMISSED with prejudice; and judgment will be entered.

_____
UNITED STATES DISTRICT JUDGE